UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>WILLIAM WISE MOCK,<br><br>    Defendant. | NO.  CR-02-102-RHW<br>         CV-05-067-RHW<br><br>**ORDER DISMISSING PETITION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY** |

Before the Court is Defendant's 28 U.S.C. § 2255 Petition to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Ct. Recs. 73, 74 & 75). Defendant is a federal prisoner proceeding *pro se*. Pursuant to Rule 4(b) of the Rules–Section 2255 Proceedings, the Court may dismiss a § 2255 motion if it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." In accord with Rule 4(b), the Court dismisses Defendant's Petition to Vacate, Set Aside, or Correct Sentence.

## PROCEDURAL HISTORY

On March 2, 2005, Defendant filed his original 28 U.S.C. § 2255 motion, which he characterized as a "Request for Re-Sentence." (Ct. Rec. 60). On April 27, 2005, the Court entered a warning, stating that it intended to characterize Defendant's motion as a 28 U.S.C. § 2255 motion, and granted Defendant an

**ORDER DISMISSING PETITION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY *** 1

opportunity to withdraw or amend the motion to include all his § 2255 claims. (Ct. Rec. 61). In his response (Ct. Rec. 62), Defendant failed to amend or withdraw his motion, triggering the Court to grant him an extension of time to withdraw or amend his request for re-sentencing. (Ct. Rec. 63). Defendant then withdrew his § 2255 request for re-sentencing and asked for leave to amend. (Ct. Rec. 65). The Court then granted him leave to withdraw or amend within the restrictions regarding relation back and equitable tolling, by September 26, 2005 (Ct. Rec. 66). This date was extended by the Court to December 27, 2005 (Ct. Rec. 72).

Before the Court are Mr. Defendant's Amended Petitions to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (Ct. Recs. 73, 74 & 75). These § 2255 motions, filed on January 27, 2006, and March 23, 2006, were not filed within the one (1) year period of limitation that began to run ninety (90) days after the time for filing a certiorari petition to the Supreme Court expired. *See United States v. Garcia*, 210 F.3d 1058, 1059-60 (9th Cir. 2000). This statute of limitations ran on May 17, 2005. (Ct. Rec. 66). Amended pleadings that relate back, or arise out of the same "conduct, transaction, or occurrence" as the original pleadings are permitted after the statute of limitations has run. Fed. R. Civ. P. 15(c)(2). Relation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims. *Mayle v. Felix*, 125 S. Ct. 2562, 2572 (2005).

In Defendant's original § 2255 motion (Ct. Rec. 60), he alleged that the mandatory sentencing used in his case was unconstitutional under *United States v. Booker*, 543 U.S. 220, 221 (2005). The first of his present claims (Ct. Rec. 73) restates this same argument under *Booker* and is therefore clearly within *Mayle's* relation back requirement. His second claim (Ct. Recs. 74 & 75) alleges a Constitutional violation under *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).

**ORDER DISMISSING PETITION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY** \* 2

While this claim uses separate Supreme Court authority, it stems from the same common core of operative facts as the original *Booker* claim. Both claims originate in Defendant's objection to his sentencing factors. His third claim (Ct. Recs. 74 & 75), alleging ineffective assistance of counsel, hinges entirely on the validity of his second *Apprendi* claim and will be considered analagous. All three claims fall squarely within the Fed. R. Civ. P. (15)(c) requirement regarding relation back, and will not be barred by the Court on procedural grounds.

### FACTUAL BACKGROUND

Defendant is currently incarcerated at the United States Penitentiary in Atwater, California. A grand jury indicted Defendant on April 23, 2003, for Attempted Manufacture of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1), and Endangering Human Life While Attempting to Illegally Manufacture a Controlled Substance, in violation of 21 U.S.C. § 858 (Count 2)(Ct. Rec. 1). On November 5, 2002, a jury found Defendant guilty on both counts (Ct. Rec. 33). The Court found there were trace amounts of methamphetamine on the scene and applied 21 U.S.C. § 841(b)(1)(C) penalties for his violation of § 841(a)(1). Section 841(b)(1)(C) carries a standard 20-year maximum, which extends to 30 years "if any person commits such a violation after a felony drug offense has become final." On October 4, 2002, the United States filed an Information to Establish a Prior Conviction for Defendant's prior felony drug offense. (Ct. Rec. 14). Therefore, the Defendant's conviction for Count 1 carries a statutory maximum of thirty (30) years. On February 10, 2003, this Court sentenced Defendant to a 262 month term of incarceration. (Ct. Rec. 41). Defendant appealed his conviction and sentence, and the conviction and sentence were affirmed by the Ninth Circuit Court of Appeals.

### STANDARD OF REVIEW

**ORDER DISMISSING PETITION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY** \* 3

Under 28 U.S.C. § 2255, a federal prisoner may move the court to vacate, set aside, or correct his or her sentence on the grounds that (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; or (3) the sentence was in excess of the maximum authorized by law. Pursuant to Rule 4(b) of the Rules–Section 2255 Proceedings, the Court may, *sua sponte*, dismiss the motion if "it plainly appears from the face of the motion, any attached exhibits, and the record of the prior proceeding that the movant is not entitled to relief."

## DISCUSSION

Defendant asserts three grounds on which he claims to be incarcerated in violation of the U.S. Constitution: (1) violation of *Booker*; (2) violation of *Apprendi*, and (3) ineffective assistance of counsel for failure to raise the *Apprendi* violation on appeal. This Court finds that Defendant is not entitled to relief on any of these three claims, and therefore, dismisses his § 2255 Petition.

### 1.    Violation of *Booker*

Defendant asserts that by mandatorily applying the Federal Sentencing Guidelines, this Court violated his Constitutional Rights.

The Sixth Amendment requires that in criminal proceedings, any fact that increases the penalty for a crime beyond the statutory maximum, other than a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). "Statutory maximum" means the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. *Blakely v. Washington*, 542 U.S. 296, 303 (2004). In *United States v. Booker*, 543 U.S. 220, 221 (2005), the Court held that in order to place the Federal Sentencing Guidelines in compliance with *Blakely*'s Sixth Amendment standards, they must be advisory

**ORDER DISMISSING PETITION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY \* 4**

rather than mandatory. *Booker*'s holding does not apply retroactively to Sixth Amendment claims by criminals who received mandatory sentences under the Federal Sentencing Guidelines. *United States v. Cruz*, 423 F.3d 1119, 1119 (9th Cir. 2005).

Defendant's motion hinges entirely on whether *Booker*'s 2005 holding can be applied retroactively to a 2002 conviction. The Ninth Circuit has squarely affirmed that *Booker*'s holding is not to be applied retroactively. *Cruz*, 423 F.3d at 1119. In compliance with the mandate of the Ninth Circuit, the Court dismisses Defendant's *Booker* claim.

### 2. Violation of *Apprendi*

Defendant asserts that his Sixth Amendment rights, as interpreted by *Apprendi*, were violated when facts not mentioned in the Indictment, submitted to the jury, or proven beyond a reasonable doubt, namely drug quantities and prior criminal history, were used to increase his sentence beyond the statutory maximum.

The Sixth Amendment requires that in criminal proceedings, any fact that increases the penalty for a crime beyond the statutory maximum, other than a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (where a defendant's firearm conviction carried a statutory maximum of 10 years, but was sentenced to 12 years because the judge found by a preponderance of the evidence that he was guilty of a hate crime). 21 U.S.C. § 841(b)(1)(C) contains the base penalty for violations of § 841(a)(1), and may be applied without a jury determination of drug quantity. *United States v. Alvarez*, 358 F.3d 1194, 1211 (9th Cir. 2004). Section 841(b)(1)(C) carries a statutory maximum of thirty (30) years imprisonment when a prior felony drug offense has become final.

**ORDER DISMISSING PETITION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY \* 5**

Following the jury's conviction of Defendant for Count 1 (under 21 U.S.C. § 841(a)(1)), the Court applied the penalties pursuant to 21 U.S.C. § 841(b)(1)(C). This was a correct application of § 841(b)(1)(C) because only trace amounts of methamphetamine were found. *Alvarez*, 358 F.3d at 1211. In light of Defendant's prior felony drug conviction (Ct. Rec. 14), this Court concluded that the statutory maximum for Count 1 under § 841(b)(1)(C) was thirty (30) years. The 262 month sentence Defendant received is less than the thirty (30) year statutory maximum, and therefore, does not constitute a violation of *Apprendi*.

Defendant also contends that his prior criminal history was applied in violation of *Apprendi*. However *Apprendi*'s holding does not apply to the use of prior convictions in sentencing. *Apprendi*, 530 U.S. at 490. As a result, the Court dismisses Defendant's § 2255 claim for violation of *Apprendi*.

### 3. Ineffective Assistance of Counsel for Failure to Raise *Apprendi* Violation on Appeal

Defendant asserts that in failing to assert an *Apprendi* violation on appeal, his Sixth Amendment right to effective assistance of counsel was violated.

The Sixth Amendment of the United States Constitution guarantees the right of defendants to effective assistance of counsel. U.S. Const. amend. VI; *United States v. Shwayder*, 312 F.3d 1109, 1117 (9th Cir. 2002). To show a deprivation of the Sixth Amendment right to counsel, a defendant must establish both that his lawyer's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Mancuso v. Olivarez*, 292 F.3d 939, 953-54 (9th Cir. 2002). A deficient performance prejudices a defense if there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A defendant is not prejudiced in regard to inefficient assistance of counsel by an appellate counsel's failure to raise on appeal claims that lacked merit. *See*

**ORDER DISMISSING PETITION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY \* 6**

*Strickland*, 466 U.S. at 689.  Even where an *Apprendi* violation has occurred at the trial level, the error Defendant alleges is not one that could be corrected by the appellate court because it does not "seriously effect the fairness, integrity, or public reputation of judicial proceedings. *United States v. Cotton*, 535 U.S. 625, 633 (2002).

This Court has already established that Defendant's *Apprendi* claim has no merit.  *Supra*.  Even if an *Apprendi* violation had occurred at the trial level in this case, it is not an error that could be corrected at the appellate level, and as a result, his attorney's failure to raise the issue on appeal did not prejudice Defendant. *Cotton*, 535 U.S. at 633.  Defendant's ineffective assistance of counsel claim clearly does not meet the requirements of *Strickland* and is, therefore, dismissed.

Having reviewed the record and been fully advised in this matter, **IT IS HEREBY ORDERED**:

1. Defendant's 28 U.S.C. § 2255 Petition to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Ct. Recs. 60, 73, 74, & 75) is **DISMISSED.**

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and forward copies to counsel and Petitioner.

**DATED** this 26th day of April, 2006.

*s/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CRIMINAL\2002\Mock\habeasorder_2.wpd

**ORDER DISMISSING PETITION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY \* 7**