UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WILLIAM WISE MOCK,

    Defendant.

No. 2:02-CR-0102-RHW

**ORDER DENYING DEFENDANT'S SUCCESSIVE 28 U.S.C. § 2255 MOTION TO VACATE SENTENCE AND FOR RESENTENCING**

Before the Court is Defendant's successive Motion to Vacate Sentence and for Resentencing pursuant to 28 U.S.C. § 2255. ECF No. 88. He bases the request for relief at least in part on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague. The United States responded in opposition to the motion on February 17, 2017. ECF No. 92. Defendant replied to the response in turn. ECF No. 98. On April 14, 2017, the Court ordered supplemental briefing on the issues from both parties. ECF No. 101. The supplemental briefing was filed on April 24, 2017, by the Government. ECF No. 102. Defendant responded with his supplemental briefing on April 26, 2017. ECF No. 103. A hearing was held on Defendant's motion on June 20, 2017. For the reasons that follow, Defendant's successive 28 U.S.C. § 2255 Motion to Vacate Sentence and for Resentencing is **DENIED.**

## Procedural Background

On April 23, 2002, a grand jury returned a two-count indictment charging Mr. Mock with a violation of 21 U.S.C. §§ 841(a)(1) and 846, Attempted Manufacture of Methamphetamine, and one violation of 18 U.S.C. § 858, Endangering Human Life While Attempting to Illegally Manufacture a Controlled Substance. ECF No. 1. Mr. Mock proceeded to trial on both counts and was found guilty on November 5, 2002, ECF No. 33, and sentenced on February 10, 2003, ECF No. 41.

Defendant filed previous § 2255 motions with the Court on January 27, 2006, alleging he was incarcerated in violation of the U.S. Constitution on three grounds: (1) violation of *Booker*; (2) violation of *Apprendi*, and (3) ineffective assistance of counsel for failure to raise the *Apprendi* violation on appeal. ECF Nos. 73, 74, & 75. This Court found that Defendant is not entitled to relief on any of these three claims, and therefore, dismissed his previous § 2255 Petition. ECF No. 77.

On January 25, 2017, Defendant was granted authorization to file a second or successive § 2255 motion by the Ninth Circuit, based on based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). ECF No. 87. Defendant's successive § 2255 motion is deemed filed with the Court on May 27, 2016. ECF No. 88.

## Factual Background

Defendant was indicted on April 23, 2002, for Count 1: Attempted Manufacture of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and Count 2: Endangering Human Life While Attempting to Illegally Manufacture a Controlled Substance, in violation of 21 U.S.C. § 858. ECF No. 1. On November 5, 2002, Mr. Mock was convicted by a jury of both counts. ECF No. 33. On February 10, 2003, Defendant was sentenced to 262 months imprisonment on Count 1 and 10 years on Count 2, concurrent with Count 1, and six years supervised release to follow. ECF No. 41. Mr. Mock appealed his conviction and

sentence, and the conviction and sentence were affirmed by the Ninth Circuit. ECF No. 59.

Prior to sentencing, U.S. Probation prepared and disclosed the Presentence Report (PSR). The PSR directed that Defendant qualified as a career offender under U.S.S.G. § 4B1.1(a), because, at the time he was sentenced, Defendant had two Washington third-degree assault convictions and two Oregon felony convictions for Manufacture and Delivery of Methamphetamine. This resulted in Defendant's U.S. Sentencing Guideline range of 262 to 327 months. The Court adopted the PSR and found that Defendant had two or more qualifying convictions, thus he was subject to the career offender enhancement. The defense made no objection to the Guidelines calculation or to the specific predicate offenses.

Defendant seeks to vacate his sentence pursuant to 28 U.S.C. § 2255 based on the newly-recognized right announced in *Johnson*, 135 S. Ct. 2551, which held that the definition of prior "violent felony" in the residual clause of the ACCA was unconstitutionally vague under due process principles. ECF No 88. Defendant argues *Johnson* makes the residual clause of U.S.S.G. § 4B1.2(a) void for vagueness as well. ECF No 88. As a result, Defendant asserts he did not qualify as a career offender because the *Johnson* decision removed his Washington third-degree assault from § 4B1.2(a)'s definition of "crime of violence" and he should be re-sentenced without that enhancement applied to his Guideline Range. In response, the Government opposed the motion and contends that Defendant's motion is moot and there is no case or controversy before the Court because Defendant also has two prior felony convictions for Manufacture and Delivery of Methamphetamine, neither of which he initially challenged, thus he remains a career offender even absent the assault convictions. ECF No 92. Defendant does not address his two prior controlled substance convictions until his reply brief, in which he argues that this court should re-evaluate the findings at sentencing (which did not rely on the residual clause) that he had two prior felony controlled

**ORDER DENYING DEFENDANT'S SUCCESSIVE 28 U.S.C. § 2255 MOTION TO VACATE SENTENCE AND FOR RESENTENCING ~ 3**

substance offense convictions. ECF No 98. In his reply he argues the two prior controlled substance convictions should be construed as only one conviction. *Id*.

**I. Legal Standard**

### A. 28 U.S.C. § 2255

28 U.S.C. § 2255 outlines four grounds upon which a Court may grant relief to a prisoner who challenges his sentence: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a).

Although there are four categories, the range of claims that fall within the scope of § 2255 are narrow. *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981). The remedy under Section 2255 does not encompass all claimed errors in conviction and sentencing. *United States v. Addonizio*, 442 U.S. 178, 185 (1979), *superseded by statute on other grounds*, Fed. R. Crim. P. 35; *Wilcox*, 640 F.2d at 973 ("Errors of law which might require reversal of a conviction or sentence on appeal do not necessarily provide a basis for relief under § 2255"). The asserted error of law must be "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)). Relief under 28 U.S.C. § 2255 should only be granted in "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Davis v. U.S.*, 417 U.S. 333, 346 (1974) (quoting *Hill v. U.S.*, 368 U.S. 424, 428 (1962)).

### B. U.S.S.G. Career Offender

Under U.S.S.G. § 4B1.1, a defendant is deemed to be a career offender when: (1) the defendant was over eighteen years old when the instant offense was committed; (2) the instant offense is a crime of violence or a controlled substance

offense; and (3) the defendant has two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a).

The Guidelines define crime of violence to include any crime punishable by imprisonment for a term exceeding one year that:

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

U.S.S.G. § 4B1.2(a) (emphasis added).

The italicized language in U.S.S.G. § 4B1.2(a)(2) is commonly known as the "residual clause." In *Johnson v. United States*, the Supreme Court held that the identically worded "residual clause" of the ACCA, 18 U.S.C. 924(e)(2)(B)(ii), violates a defendant's right to due process because it is unconstitutionally vague. 135 S. Ct. at 2560. Generally, the residual clauses in the ACCA and U.S.S.G. § 4B1.2(a)(2) are interpreted according to the same precedent. *See United States v. Coronado*, 603 F.3d 706, 709-11 (9th Cir. 2010).

**II. Analysis**

On January 25, 2017, the Ninth Circuit granted Defendant's application for authorization to file a second or successive 28 U.S.C. § 2255 motion for relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015).

Defendant argues in his motion that the logical consequence of *Johnson* is that the residual clause in U.S.S.G. § 4B1.2(a)(2) is also unconstitutionally vague. Under this theory, because *Johnson* effectively invalidated the residual clause in U.S.S.G. § 4B1.2(a)(2), an offense can only qualify as a "crime of violence" under U.S.S.G. § 4B1.2 if it falls within either U.S.S.G. § 4B1.2(a)(1) (the "elements clause") or the first clause of U.S.S.G. § 4B1.2(a)(2) (the "enumerated offenses clause"). Defendant claims that post-*Johnson*, his Washington third-degree assault

convictions no longer qualify as crimes of violence and accordingly, that his sentence is in violation of the law.

The Government opposes Defendant's motion on two grounds. First, the Government contends that *Johnson* does not apply to the Guidelines following the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). Second, the Government argues that even if *Johnson* applies, Defendant will still have the two required predicate offenses for controlled substance offense convictions.

**A. *Beckles***

On March 6, 2017, the United States Supreme Court issued a decision in *Beckles*, 137 S. Ct. 886 (2017), which held that the United States Sentencing Guidelines, including U.S.S.G. § 4B1.2(a)'s residual clause, are not subject to vagueness challenges under the Due Process Clause. The Supreme Court stated that, unlike the residual clause in the ACCA, the Guidelines do not fix the range of sentences allowed, but rather they operate to guide the court's discretion in determining the appropriate sentence. *Id.* at 892.

However, while the Supreme Court held "the advisory Sentencing Guidelines, including § 4B1.2(a)'s residual clause, are not subject to a challenge under the void-for-vagueness doctrine," this left unresolved the question of whether *Johnson* applied to *mandatory* guidelines. *Beckles*, 137 S. Ct. at 896. Justice Sotomayor, in a footnote in her concurrence aptly summed up the issue:

> The Court's adherence to the formalistic distinction between mandatory and advisory rules at least leaves open the question whether defendants sentenced to terms of imprisonment before our decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)—that is, during the period in which the Guidelines did "fix the permissible range of sentences," ante, at 892— may mount vagueness attacks on their sentences. That question is not presented by this case and I, like the majority, take no position on its appropriate resolution.

**ORDER DENYING DEFENDANT'S SUCCESSIVE 28 U.S.C. § 2255 MOTION TO VACATE SENTENCE AND FOR RESENTENCING ~ 6**

*Beckles*, 137 S. Ct. at 903 n.4.

Defendant asserts that *Beckles* does not apply to Mr. Mock's case because he was sentenced in 2003, before *United States v. Booker*, 543 U.S. 220 (2005), and before the advent of the *advisory* Guidelines. Indeed, at sentencing, this Court noted the mandatory nature of the guidelines at the time. ECF No. 55 at 392-393.

In *Beckles* the Supreme Court held "only that the *advisory* Sentencing Guidelines, including § 4B1.2(a)'s residual clause, are not subject to a challenge under the void-for-vagueness doctrine." *Beckles*, 137 S. Ct. at 896 (emphasis added). As the Supreme Court concluded, advisory rules do not "fix" the permissible range of a defendant's sentence and, as a result, "do not implicate the twin concerns underlying vagueness doctrine—providing notice and preventing arbitrary enforcement." *Id.* at 894–95. Thus, the Supreme Court's decision in *Beckles* does not apply to sentences imposed under the U.S. Sentencing Guidelines pre-*Booker*, and does not preclude a *Johnson* claim based on an individual sentenced pre-*Booker*.

The Supreme Court's decision in *Beckles* does not preclude relief for the Defendant because he was sentenced in 2003, pre-*Booker*, and before the advent of the advisory Guidelines.

**B. Application of *Johnson* to the Case at Hand**

To determine whether a predicate felony meets the definition of a "crime of violence," the Court applies a three-step process: (1) the "categorical approach" compares whether the statute of conviction is a categorical match to the generic predicate offense; that is, it determines whether the statute of conviction criminalizes only as much or less conduct than the generic offense; (2) if the statute criminalizes conduct beyond the elements of the generic offense, and is therefore "overbroad," the Court next determines whether the statute is "divisible" or "indivisible"; and (3) if the statute is overbroad and divisible, the "modified categorical" approach permits the Court to examine certain documents from the

record of conviction to determine what elements of the divisible statute the defendant was convicted of violating. *Lopez-Valencia v. Lynch*, 798 F.3d 863, 867-68 (9th Cir. 2015).

Absent the residual clause in the Guidelines under § 4B1.2(a), Defendant's third-degree assault convictions would need to either fit into the elements clause or the enumerated offenses clause to continue to constitute "crimes of violence" and predicate offenses.

The Ninth Circuit has already determined that a prior Washington state court conviction of third-degree assault did not qualify as a "crime of violence," as that term is used in the sentencing guidelines. *United States v. Sandoval*, 390 F.3d 1077 (9th Cir. 2004). Third-degree assault is not a categorical crime of violence under the elements clause given the Ninth Circuit's holding, and third-degree assault is not an enumerated offense. Notably, the Government does not contend, and has not presented any argument, that the third-degree assault convictions qualify as crimes of violence. Thus, following the Supreme Court's decision in *Johnson,* Defendant's Washington state court conviction of third-degree assault do not qualify as crimes of violence under the Guidelines and do not constitute predicate offenses for the purpose of determining Defendant's status as a career offender.

**C. Harmless Error**

The inquiry, however, does not end, as it also requires a determination of whether this error was harmless. *See Hedgepeth v. Pulido*, 555 U.S. 57, 58 (2008). Pursuant to *Hedgepeth*, an error in this context is harmless unless the error "had substantial and injurious effect or influence in determining the [] verdict." *Id.* (adopting the harmless error standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619 (1993)). Therefore, the Court looks to see whether the designation as a career offender had the substantial and injurious effect in determining Defendant's sentencing.

Under the Guidelines, a defendant is a career offender if: (1) he was at least 18 years old at the time he committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony *convictions* of either a crime of violence *or a controlled substance offense.* U.S.S.G. § 4B1.1(a)[1] (emphasis added). Defendant was 33 years old at the time he committed the offense of conviction, that offense was attempted manufacture of methamphetamine (a controlled substance offense), and he had two prior felony controlled substance convictions. Those convictions, both in Oregon, were for manufacture and delivery of a controlled substance.

Section 4B1.2(b) of the Guidelines defines controlled substance offense as an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance or the possession of a controlled substance with intent to manufacture, import, export, distribute, or dispense it. This predicate offense definition is not at all impacted by *Johnson*. Additionally, both of Defendant's Oregon drug offense convictions were punishable by more than one year in prison, and they involved the manufacture and delivery of a controlled substance.

The Government therefore, contends the error is indeed harmless because Defendant remains a career offender even without the two Washington third-degree assault convictions due to his two prior controlled substance offence convictions. The Government argues that Defendant cannot challenge the PSR's determination that his two prior drug felonies were separate predicate offenses because such a challenge is procedurally defaulted and untimely as he did not raise

---

[1] The applicable guidelines are those in effect on the date of sentencing, rather than those at the date the offense occurred as suggested by Defendant. U.S.S.G. § 1B1.11. Defendant was sentenced in February 2003, thus the 2002 guidelines are applicable.

this challenge prior to sentencing, on appeal, or any time in the thirteen years proceeding this motion at hand. Therefore, the Government concludes, the Court should decline to address the issues regarding his prior controlled substance offence convictions. In the alternative, the Government contends the error is harmless because the PSR correctly determined that Defendant's prior drug felonies were two separate predicate offenses, and as such, Defendant remains a career offender even absent the two Washington third-degree assault convictions.

Defendant claims that his two prior controlled substance offenses should only be counted as only one controlled substance offense for the purpose of determining his status as a career offender. Defendant also contends that this challenge is not procedurally barred because it would have been futile to challenge the controlled substance offenses back when he still would have had the two third-degree assault predicate offense, and the challenge to the controlled substance offenses is necessary to determine whether a *Johnson* error is harmless.

The Court does not fault Defendant for not raising his issues with the Oregon controlled substance convictions at the time of sentencing, because there was no reason to do so, as such a challenge certainly would have been futile at the time. However, if Defendant does have two predicate controlled substance offense convictions, the *Johnson* error is harmless, there is no change is the original sentence, and Defendant is not entitled to be re-sentenced. Thus, the remaining issue is whether Defendant's two prior Oregon controlled substance convictions should continue to be counted as two separate predicate offenses for the purpose of determining Defendant's status as a career offender under the Guidelines. The Court also notes that neither party requested a hearing on the facts surrounding Defendant's Oregon controlled substance offence convictions, thus the Court is limiting itself to the record that exists, primarily the PSR.

Section 4B1.2(c) of the Guidelines directs that "two prior felony convictions" includes sentences for at least two felony convictions counted

separately under the provisions of §4A1.1(a), (b), or (c). Here, Defendant's two prior controlled substance offense convictions for manufacture and delivery of a controlled substance were counted separately in the PSR under §4A1.1(b) of the Guidelines. Section 4A1.1(b) states that two points are added "for each prior sentence of imprisonment of at least sixty days…" The term "prior sentence" is defined in §4A1.2(a)(1) as any sentence previously imposed upon adjudication of guilt…" Section 4A1.2(a)(2) continues, that prior sentences imposed in unrelated cases are counted separately and prior sentences in related cases are treated as one sentence.

The commentary to §4A1.2(a) states that a "prior sentence" means any sentences imposed prior to sentence on the instant offense. U.S.S.G. §4A1.2(a) cmt. 3. The commentary further directs that "[p]rior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." *Id*.

The Government, in oral argument, conceded there was no intervening arrest. However, the Court, in its independent review of the record, notes that the record demonstrates that the Oregon controlled substance offenses were separated by an intervening arrest. The PSR directs that Defendant was first arrested on March 5, 2000 and charged with manufacture and delivery of methamphetamine and sentenced on April 24, 2000. Then on April 8, 2000, the PSR states that the second offense for the manufacture and delivery of methamphetamine was committed in a second location and Defendant was arrested for the second offense on April 17, 2000, and sentenced on July 11, 2000.[2] Thus, because there was an intervening arrest, the prior sentences for Defendant's controlled substance

---

[2] The Second offense was likely being committed prior to the April 8, 2000 date as well. Additionally, the PSR states the arrest date for the second offense was April 17, 2000, and he was located in the Marion County Corrections Facility. Whether the April 17, 2000, date was an actual arrest, a detainer, or a summons is not important; as he was then being held to answer for the second offense, it is a distinction without a difference.

**ORDER DENYING DEFENDANT'S SUCCESSIVE 28 U.S.C. § 2255 MOTION TO VACATE SENTENCE AND FOR RESENTENCING ~ 11**

offenses are unrelated and are counted separately. *United States v. Gallegos-Gonzalez*, 3 F.3d 325, 328 (9th Cir. 1993) ("if the criminal conduct is separated by arrests, the ensuing convictions are never considered related"). Therefore, Defendant continues to have two predicate career offender offenses.

Alternatively, when there is no intervening arrest[3], prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing. U.S.S.G. §4A1.2(a) cmt. 3. The comment also notes that "[t]he court should be aware that there may be instances in which this definition is overly broad and will result in a criminal history score that underrepresents the seriousness of the defendant's criminal history and the danger that he presents to the public...In such circumstances, an upward departure may be warranted." *Id*. Defendant contends that his two prior convictions for manufacture and delivery should be considered related as a single common scheme or plan and counted as only one prior felony conviction.

The elements for determining whether prior sentences are related as a common scheme are:

> (1) whether the crimes were committed within a short period of time;
> (2) whether the crimes involved the same victim; (3) whether the
> defendant was arrested by the same law enforcement agency for both
> crimes; and (4) when the arrests occurred and whether both crimes
> were solved during the course of one investigation.

*United States v. Chapnick*, 963 F.2d 224, 226 (9th Cir.1992), *abrogated on other grounds by Buford v. United States*, 532 U.S. 59 (2001).

---

[3] While the two prior controlled substance offense sentences were separated by an intervening arrest and thus not considered related in the case at hand, this alternative argument is raised by both parties and thus addressed by the Court in this order.

**ORDER DENYING DEFENDANT'S SUCCESSIVE 28 U.S.C. § 2255 MOTION TO VACATE SENTENCE AND FOR RESENTENCING** ~ 12

1  According to the record in the case at hand, the two controlled substance
2  offenses were committed roughly a month apart. *See United States v. Gallegos-*
3  *Gonzalez*, 3 F.3d 325, 328 (9th Cir. 1993) (offenses committed two weeks apart
4  was long enough to be counted separately). Furthermore, there were many different
5  individual victims, including those who received the controlled substances as well
6  as the two separate landlords of the two separate locations of the meth labs. While
7  Defendant was likely arrested by the same law enforcement agency, the arrests
8  were separate, as were the investigations.

Applying the facts in the record to the elements, it is clear Defendant's two prior controlled substance offenses do not meet the elements and his convictions continue to be counted separately: the offenses occurred more than a month apart; the offenses involved different victims; the offenses occurred in different locations; they involved separate methamphetamine manufacturing labs, equipment, and materials; they were investigated separately, and both crimes were not solved during the course of one investigation; they were sentenced separately; and the sentences for each make no mention of the other.

Defendant's two prior controlled substance offense convictions were properly counted as separate controlled substance offenses under § 4B1.2(b) of the Guidelines. Thus, Defendant has the requisite two prior felony controlled substance convictions rendering him a career offender under § 4B1.1(a), even if the Washington assault convictions are completely disregarded.

**III. Conclusion**

Defendant has failed to demonstrate that the designation of his assault convictions as predicates has resulted in more than harmless error. *See e.g., United States v. Scott*, 818 F.3d 424, 435 (8th Cir. 2016) (agreeing with the government that, "even if the district court erred by relying on the residual clause, the error was harmless since Scott's two domestic assault convictions and his robbery conviction also qualify"); *see also Peterson v. United States*, No. C16-5160 BHS, 2016 WL

7103417, at *2 (W.D. Wash. Dec. 6, 2016) (*Johnson* does not entitle petitioner to a new sentencing; while petitioner's prior convictions for Assault, Attempted Eluding, and Robbery may no longer qualify as predicate violent offenses under the residual clause of the ACCA, he has nonetheless been convicted of three predicate drug trafficking offenses); *Gwin v. United States*, No. C16-11-MJP, 2016 WL 8710026, at *2 (W.D. Wash. July 8, 2016) ("Defendant's conviction for unlawful delivery of cocaine is a controlled substance offense, and its status as a career offender predicate is not impacted by USSG § 4B1.2(a)(2)'s residual clause… Because USSG § 4B1.2(b), as opposed to USSG § 4B1.2(a)(2), does not have a residual clause, the constitutionality of the residual clause has no impact on Defendant's status as a career offender.").

Even absent the two Washington third-degree assault convictions, Defendant still has two prior predicate controlled substance offense convictions. Thus, Defendant remains subject to the career offender enhancements in the sentencing guidelines. The record demonstrates that even if Defendant's prior assault convictions had not been considered, the sentence would have been the same. In this case the career offender designation did not "set the wrong framework for the sentencing proceedings." *Molina-Martinez v. U.S.*, 138 S.Ct. 1338, 1346 (2016).

**IV. Certificate of Appealability**

In denying a Defendant's § 2255 motion, the Court must also address whether certificates of appealability should issue. *See* R. 11 Governing § 2255 Cases in the U.S. Dist. Cts.

Rule 11(a) Governing § 2255 Cases in the U.S. Dist. Cts. provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "The standard for a certificate of appealability is lenient." *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc). A petitioner is required to demonstrate only "that reasonable jurists could debate the district court's resolution or that the issues are adequate to deserve encouragement

to proceed further." *Id.* (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). The standard "requires something more than the absence of frivolity but something less than a merits determination." *Id.* While the Court's decision in the case at hand is supported by the facts of the case and the existing Supreme Court and Ninth Circuit precedent the Court acknowledges that the legal landscape is hastily shifting in this specific terrain. The Court concludes that the issues raised in this appeal are appropriate for certificate of appealability. The Court has carefully reviewed Defendant's assertions and **GRANTS** a certificate of appealability.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's 28 U.S.C. § 2255 Motion to Vacate Sentence and for Resentencing (ECF No. 88) is **DENIED.**
2. Defendant William Wise Mock is **GRANTED** a certificate of appealability.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 23rd day of June, 2017.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge