FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 13, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM WISE MOCK,<br><br>Defendant. | No. 2:02-CR-0102-RHW-1<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR A SENTENCE REDUCTION**<br><br>**\*\*UNITED STATES MARSHAL ACTION REQUIRED\*\*** |

Before the Court is Defendant's Expedited Motion to Reduce Custodial Sentence Under 18 U.S.C. § 3582(c)(1)(A). **ECF No. 132**. The Court has considered Defendant's motion, the Government's response, Defendant's reply and supplemental filings, the letter from the U.S. Probation Office for the District of Oregon outlining the results of its investigation into Defendant's proposed release plan, and the earlier filings in the case. Being fully informed, the Court finds that Defendant's motion should be **GRANTED** and his sentence should be reduced to a term of time served.

///

**ORDER GRANTING DEFENDANT'S MOTION FOR A SENTENCE
REDUCTION ~ 1**

I.    Background

In April 2002, the Government charged Defendant with one count of Attempted Manufacture of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of Endangering Human Life While Attempting to Illegally Manufacture a Controlled Substance, in violation of 21 U.S.C. § 858. ECF No. 1.

The case proceeded to trial and the jury found Defendant guilty on both counts. ECF No. 33. The U.S. Sentencing Guidelines mandated a sentence of 262 – 327 months' imprisonment.[1] ECF No. 86 at 23. The Court imposed a low-end sentence of 262 months' imprisonment followed by six years' supervised release. ECF No. 41 at 2.

Defendant is currently incarcerated at USP Canaan in northeast Pennsylvania and is projected to be released from custody on August 20, 2021. ECF No. 132 at 4. He will be eligible for and is scheduled to be placed on home confinement on February 20, 2021. *Id.*; *see* 18 U.S.C. § 3624(c)(2) (BOP may "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months").

---

[1] This was before the U.S. Supreme Court struck down the provision of the federal sentencing statute that required district judges to impose sentences within the U.S. Sentencing Guidelines range. *See United States v. Booker*, 543 U.S. 220, 245 (2005).

**ORDER GRANTING DEFENDANT'S MOTION FOR A SENTENCE REDUCTION ~ 2**

## II.   Discussion

Defendant argues that the conditions of his incarceration at USP Canaan place him at a high risk of contracting—and of having a greater reaction to infection from—the SARS-CoV-2 virus because of his existing medical condition (obesity) and the alleged inability of prison staff to handle the outbreak. ECF No. 132 at 7-9, 11-14, 27-30. Defendant asks the Court to reduce his term of imprisonment from 262 months to time served and impose home confinement as an additional condition of supervised release. *See id.* at 30. He further states that if the Court were to grant his motion, he intends to live with his sister at her residence in Eugene, Oregon. ECF No. 133 at 3. Per the Court's request, the U.S. Probation Office for the District of Oregon has investigated Defendant's proposed release plan and determined that it is suitable.

The Government agrees that obesity puts people at a high risk for complications if they are exposed to the virus, but argues that Defendant has not shown that he does, in fact, suffer from obesity. ECF No. 134 at 11-12. The Government contends that Defendant's claim is not based on any medical record, but is based instead solely on his self-reports. *Id.* The Government also argues that Defendant still poses a danger to the community, emphasizing the seriousness of his original offenses as well as his lengthy BOP disciplinary history that includes at least 11 separate infractions. *Id.* at 14-15.

**ORDER GRANTING DEFENDANT'S MOTION FOR A SENTENCE REDUCTION ~ 3**

The "compassionate release" statute authorizes district courts to reduce an incarcerated person's term of imprisonment if, after considering the 18 U.S.C. § 3553(a) factors, it finds that (1) "extraordinary and compelling reasons warrant such a reduction," and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[2] 18 U.S.C. § 3582(c)(1)(A).

The statute does not define what constitutes "extraordinary and compelling" reasons, but instead directs the Commission to promulgate "the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). In its sentence reduction policy statement, the Commission outlines three specific categories of circumstances that constitute "extraordinary and compelling" for a sentence reduction: (1) a serious medical condition that is either (i) terminal, or (ii) substantially diminishes the inmate's ability to provide self-care and from which the inmate is not expected to recover, (2) a combination of old age and a serious medical condition, and (3) family circumstances under which the prisoner is the only caregiver for a dependent child or incapacitated spouse. U.S.S.G. §1B1.13

---

[2] Prior to the First Step Act of 2018, only the Bureau of Prisons could file a motion for compassionate release. *United States v. Thomas*, 570 F. Supp. 2d 202, 203 (D. P.R. 2007); *see also* U.S.S.G. §1B1.13 cmt. n.4. A prisoner could not initiate the compassionate release process. *Thomas*, 570 F. Supp. 2d at 203. Thus, if the BOP refused to file a motion for compassionate release, the prisoner had no ability to challenge that decision in court. *Id.* The First Step Act of 2018 changed this. Now, for the first time, prisoners are permitted to bring a motion directly to the district court after either (1) exhausting administrative remedies with BOP or (2) having a compassionate release motion pending before the BOP for at least 30 days without receiving an answer. *See* First Step Act of 2018, Pub. L. No. 115- 391, 132 Stat. 5194, 115th Cong., § 603(b)(1) (2018); *United States v. Brown*, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019). The parties agree that Defendant meets this requirement here.

**ORDER GRANTING DEFENDANT'S MOTION FOR A SENTENCE REDUCTION ~ 4**

cmt. n.1(A)-(C). The Commission also included a catch-all provision providing for compassionate release when "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the [other enumerated] reasons."³ U.S.S.G. §1B1.13 cmt. n.1(D). Defendant asks that the Court analyze his motion under this catch-all provision—"other reasons" that are "extraordinary and compelling."⁴

The Sentencing Commission's policy statement additionally requires that "the defendant is not a danger to the safety of any other person or to the community, as provided in [the Bail Reform Act's standards applicable to pretrial detention]." U.S.S.G. § 1B1.13(2); *see United States v. Brown*, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019); *United States v. Cantu*, 423 F. Supp. 3d 345, 353 (S.D. Tex. 2019).

---

³ The catch-all provision still states that these "other reasons" shall be only those "determined by the Director of the Bureau of Prisons." U.S.S.G. §1B1.13 cmt. n.1(D). This is because the Sentencing Commission never amended the Guidelines following the First Step Act (and cannot do so until it again has four voting commissioners). *See United States v. Rodriguez*, 424 F. Supp. 3d 674, 681 (N.D. Cal. 2019). Nevertheless, courts have generally concluded that they may determine for themselves whether "other reasons" exist under the catch-all provision to justify compassionate release. *See id.* at 681-82 (collecting cases); *see also United States v. Cantu*, 423 F. Supp. 3d 345, 349-352 (S.D. Tex. 2019); *United States v. Brown*, 411 F. Supp. 3d 446, 449 (S.D. Iowa 2019). The result "is that the district court can consider anything—or at least anything the BOP could have considered—when assessing a defendant's motion." *Brown*, 411 F. Supp. 3d at 450.

⁴ The Government also argues in its response that Defendant "failed to establish that his obesity (if verified) is a condition from which he is not expected to recover." ECF No. 134 at 12. This is irrelevant. The requirement that the condition be one "from which the defendant is not expected to recover" only applies to requests for compassionate release under U.S.S.G. §1B1.13 cmt. n.1(A)(ii). It does not apply to the catch-all provision under U.S.S.G. §1B1.13 cmt. n.1(D), which is the applicable framework here.

**ORDER GRANTING DEFENDANT'S MOTION FOR A SENTENCE REDUCTION ~ 5**

The risks posed by the COVID-19 pandemic, standing alone, do not constitute "extraordinary and compelling" reasons for compassionate release, absent additional factors such as advanced age or serious underlying health conditions that place a prisoner at greater risk of negative complications from the disease. *United States v. Betrand*, 2020 WL 4004031, at *3 (S.D.N.Y. 2020). Rather, compassionate release motions amid the COVID-19 pandemic require a fact-intensive inquiry, taking into account the unique circumstances of each individual defendant. *Id.* Courts consider factors such as (1) the age of the prisoner, (2) the severity and documented history of his or her health conditions, as well as the defendant's history of managing those conditions in prison, (3) the proliferation and status of infections in the specific prison facility, (4) the proportion of the term of incarceration that has already been served, and (5) the sentencing factors in 18 U.S.C. § 3553(a), with particular emphasis on the seriousness of the offense, the deterrent effect of the punishment, and the need to protect the public. *Id.*

Here, the factor weighing most heavily in Defendant's favor is the fourth— the short amount of time remaining on his custodial sentence. If this percentage is calculated using his August 20, 2021 release date from BOP custody as the denominator, Defendant has served nearly 97% of his sentence. If this percentage is calculated using his February 20, 2021 scheduled release to home confinement as the denominator, he has served 99% of his sentence.

The Government agrees that obesity during the COVID-19 pandemic is "an extraordinary and compelling reason justifying compassionate release," ECF No. 134 at 11, but argues that Defendant fails to show that he is, in fact, obese. *Id.* at 12. However, after the Government filed its response, Defendant submitted a declaration in which he avers that his weight is 225 lbs. ECF No. 136. This reported weight is similar to that listed in the Presentence Report. *See* ECF No. 86 at 2 (220 lbs).

The Government also argues that Defendant still poses a danger to the community, emphasizing the seriousness of his original offenses as well as his BOP disciplinary history. ECF No. 134 at 14-15; *see* U.S.S.G. § 1B1.13(2) (barring compassionate release when the defendant is "a danger to the safety of any other person or to the community"). Although Defendant's original offenses were profoundly serious, the Court finds that his advancing age (he is now 51 years old) and the length of time he has spent in prison indicate that he will likely be able to transition to living safely in the community. Moreover, Defendant has not received a BOP disciplinary infraction since September 2015, which was over five years ago. *See* ECF No. 132-1 at 6.

Moreover, as Defendant himself acknowledges, if he violates the conditions of supervised release, this Court will be within its power to resentence him to more time than he currently has remaining on his sentence. *See* ECF No. 132 at 30. The

Court notes that it has authority to revoke Defendant's term of supervised release on the grounds that he is a continued danger to public safety. *See* 18 U.S.C. § 3583(e) (a revocation sentence may be predicated on the need "to protect the public from further crimes of the defendant," incorporating 18 U.S.C. § 3553(a)(2)(C)); *United States v. Wong*, 687 F. App'x 593, 595 (9th Cir. 2017) ("The district court expressly considered . . . the "need for deterrence," and the "need to protect the public from this defendant," all of which are permissible factors for a court to consider when sentencing a defendant following the revocation of a term of supervised release."); *United States v. Ibarra-Murietta*, 539 F. App'x 716 (9th Cir. 2013) (same).

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Expedited Motion to Reduce Custodial Sentence Under 18 U.S.C. § 3582(c)(1)(A), **ECF No. 132**, is **GRANTED**.

2. Defendant's term of imprisonment is **REDUCED** from 262 months to **TIME SERVED**. The U.S. Marshal and the U.S. Bureau of Prisons shall prepare Defendant for his immediate release from custody.

3. Defendant will reside in Eugene, Oregon and will be supervised by the U.S. Probation Office for the District of Oregon. However, the Court will **RETAIN JURISDICTION** over this case.

4.  Pursuant to Defendant's request, the Court will impose home confinement as an additional condition of supervision. Therefore, Defendant's conditions of supervised release shall be modified to include the following additional special condition:

> You shall participate in the location monitoring program for a period of **220 days**. You are restricted to your residence at all times, except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as preapproved by the supervising probation officer (home detention). The type of location monitoring technology to be used shall be at the discretion of the supervising officer. You must follow the rules and regulations of the location monitoring program. You must pay the costs of the program according to your ability to pay.

5.  The period of 6 years of supervised release will commence at the time of Defendant's release from BOP custody.

6.  All other terms of the original sentence remain unchanged.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and forward copies to counsel, the U.S. Probation Office for the Eastern District of Washington, the U.S. Probation Office for the District of Oregon, the U.S. Marshals Service, and the Bureau of Prisons. The District Court Executive is further directed to file an amended judgment in accordance with this Order.

**DATED** this January 13, 2021.

<i>s/Robert H. Whaley</i><br>
ROBERT H. WHALEY<br>
Senior United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR A SENTENCE REDUCTION ~ 9**

## United States District Court
## District of Oregon Probation Office



**JOHN M. BODDEN**
CHIEF U.S. PROBATION OFFICER

**ANDREA K. NEUMANN**
DEPUTY CHIEF U.S. PROBATION OFFICER

**RORY HERRERA**
ASSISTANT DEPUTY CHIEF U.S. PROBATION OFFICER

**HEADQUARTERS**
**MARK O. HATFIELD U.S. COURTHOUSE**
1000 SW THIRD AVENUE, SUITE 340
**PORTLAND**, OR  97204
(503)326-8600; FAX (503)326-8700

**20370 EMPIRE AVENUE, SUITE C-1**
**BEND**, OR  97703
(541)385-4937; FAX (541)385-4939

**WAYNE L. MORSE U.S. COURTHOUSE**
405 E EIGHTH AVENUE, SUITE 1000
**EUGENE**, OR  97401
(541)431-4060; FAX (541)431-4069

**JAMES A. REDDEN U.S. COURTHOUSE**
310 W SIXTH STREET, ROOM 323
**MEDFORD**, OR  97501
(541)608-8780; FAX (541)608-8789

**530 CENTER STREET, NE, ROOM 406**
**SALEM**, OR  97301
(503)399-5715; FAX (503)399-5735

December 7, 2020

Amber M.K. Andrade
United States Probation Officer
United States Probation Office
Thomas S. Foley United States Courthouse
920 West Riverside Avenue, Room 540
Spokane, WA 99201-1010

RE: MOCK, William Wise
Eastern District of Washington
Case number 2:02-CR-0102-RHW-1

Dear Officer Andrade:

On December 28, 2020, the Honorable Judge Robert H. Whaley ordered the investigation of Mr. Mock's proposed release plan.  The plan includes Mr. Mock's request to reside with his sister, Consuela Souza, at 310 Irving Road, Eugene, Oregon 97404.  I contacted Mrs. Souza via telephone on December 31, 2020, and she reported she resides with her husband and mother.  A criminal record check of the residents of the home did not reveal any concerns.  Mrs. Souza indicated there are no weapons or drugs including marijuana in the home.

A virtual tour of the residence including the garage and sole outbuilding was conducted on January 1, 2021.  No concerns were revealed during the visit and the home appears appropriate for Mr. Mock's release.  It is noted that Mrs. Souza indicated a potential desire of Mr. Mock to return to the Eastern District of Washington at a later date.

*We promote justice, reduce risk to the community, and provide opportunities for positive change.*

**RE:**
**Page 2**

At this time, under the current circumstances, the release plan is deemed acceptable and the U.S. Probation Office in the District of Oregon is willing to accept supervision of Mr. Mock's case upon release from the Bureau of Prisons. Should you have any questions, please contact the undersigned at (541) 431-4084 or summer_robinson@orp.uscourts.gov.

Submitted by,                                              Approved,

by _____          by _____
Summer I. Robinson                                    Todd M. Cantamessa
Sr. U.S. Probation Officer                           Supervising U.S. Probation Officer

31804